

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin 26, Texas

Dear Sir:

Opinion No. O-7233

Re: Under Article 827a, Section 8,
Texas Penal Code, or Article
1085a, V.A.C.S., Texas, can
the City of Houston, based up-
on an engineering and traffic
investigation showing such
speed to be reasonable and
prudent, legally zone such
freeway for maximum speeds in
excess of 30 miles per hour and
related question.

We are in receipt of your recent request for an opinion
of this department on the above stated matter. We quote from your
letter of request as follows:

"This Department, in cooperation with the City
of Houston, is engaged in planning and constructing
Expressways through the City. A portion of the pro-
ject will be a Freeway designed for fast moving
through traffic. No crossing of the Freeway at grade
will be permitted and local traffic can enter the
high speed lanes of the Freeway only at the places
and in the manner provided.

"After completion of the Expressway, in order to
secure the maximum efficiency of the project, it will
be desirable for the City to speed zone the Freeway
for both maximum and minimum speeds, the maximum to be
in excess of thirty miles per hour. To accomplish this
we propose to enter into an agreement with the City of
Houston under the authority of Article 6673b, Vernon's
Texas Civil Statutes, however, before taking any action
in the matter, we would appreciate your opinion and ad-
vise on the following questions:

"1.  Under Article 827a, Section 8, of the Texas
Penal Code, or Article 1085a, Texas Civil
Statutes, can the City of Houston, a home
rule city, based upon an engineering and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. D. C. Greer - Page 2

traffic investigation showing such speed
to be reasonable and prudent, legally zone
such Freeway for maximum speeds in excess of
thirty miles per hour?

"2.   Can the City of Houston, a home rule city,
legally zone such Freeway for minimum speed
and legally enforce the minimum speed re-
quirement so fixed?"

Article 827a, Section 8, Vernon's Penal Code, provides in
part as follows:

"It shall be unlawful for any person. . . to drive
or operate a motor or other vehicle within the corporate
limits of an incorporated city or town, or within or
through any town or village not incorporated at a greater
rate of speed than thirty (30) miles per hour. . ."

The fifth paragraph of said Article, supra, provides as
follows:

"That whenever the governing bodies of incorpora-
ted cities and towns in this State within their res-
pective jurisdictions determine upon the basis of an
engineering and traffic investigation that the maximum
reasonable and prudent speed at any intersection or
other portion of the highway, based upon the inter-
sections, railway grade crossings, curves, hills, width
and condition of pavement and other conditions on such
highway, and the usual traffic thereon, is greater or
less than the speed limits hereinbefore set forth, said
governing bodies shall have the power and authority to
determine and declare the maximum reasonable and prudent
speed limit thereat, which shall be effective at such
intersection or other place." (Underscoring ours)

We think the last above quoted paragraph of the said stat-
ute clearly authorizes an affirmative answer to your question number
one and we so answer it.

Now in regard to your second question, Article 1175, V.A.C.S.,
enumerating various powers granted home rule cities, provides in part
as follows:

"Sec. 20.   To license, operate and control the
operation of all character of vehicles using the public
streets, including motorcycles, automobiles or like

Hon. D. C. Greer - Page 3

vehicles <u>and to prescribe the speed of the same. . .</u>"
(Underscoring ours)

"Sec. 34. To enforce all ordinances necessary to protect health, life and property. . . and to preserve and enforce the good government, order and security of the city and its inhabitants."

It appears to us that these sections 20 and 34 of the statute, supra, authorize an affirmative answer to your question number two, and we so answer it. Especially is this true for the reason that we have found no State law fixing a minimum speed for vehicular traffic and consequently an ordinance passed by a home rule city fixing a minimum speed for vehicular traffic upon certain streets, would not be in conflict with any State law and is valid if reasonable.

We have not found any direct precedents in the law cases, but the following cases have been considered for their general principles in arriving at our conclusions:

"The powers of municipal corporations within the Home Rule Amendment embrace all powers not prohibited by Constitution or statute." Miller v. Uvalde Co., Civ. App., 20 S.W. 2d 403.

"Cities may do all things Legislature could have authorized, not in violation of Constitution or general laws." Bland v. City of Taylor, Civ. App., 37 S.W. 2d 291, affirmed 123 T. 39, 67 S.W. 2d 1033.

"The powers of a home rule city are derived from Const. art. 11, § 5, and hence express grant of power by Legislature is unnecessary and only limitations upon city's power need be considered." Yellow Cab Transit Co. v. Tuck, Civ. App., 115 S.W. 2d 455.

"The powers granted home-rule cities under constitution are broad and governed as to limitations only by legislative enactment." Ex parte Newberg, 140 Cr. R. 211, 143 S.W. 2d 786.

"Whether an ordinance is unreasonable is a question of law for the court." Miks v. Leath, 26 S.W. 2d 726.

"But a court will not declare an ordinance unreasonable unless it clearly appears to be so." West v. City of Waco, 275 S.W. 282, 116 Texas 472.

"If the matter is in doubt the ordinance will be upheld." Ex parte Wilchar, 278 S.W. 850.

"A city's regulation, relative to the use of the streets by vehicles, which is within the scope of its charter powers, is not inhibited by State law or the Constitution, unless there is a conflict." Genusa v. City of Houston, Texas, 10 S.W. 2d 772.

"A city may prescribe additional regulations as to matters not covered by law." Miks v. Leath, 26 S.W. 2d 726.

"And ordinarily a city may forbid the use of certain congested streets by particular classes of vehicles." Wald v. City of Ft. Worth, 258 S.W. 1114, Error Refused.

In view of our conclusions, we have pretermitted a discussion of Article 1085a, V.A.C.S., as it appears that such article merely pertains to the laying out, construction and acquisition of a freeway and authorizing closing of streets near its intersection.

We express no opinion concerning the constitutionality of the delegation of authority to cities and towns contained in the fifth paragraph of said Article 827a, Section 8.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Joe McCasland
Assistant

APPROVED JUN 15, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

JM:d jm


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN